**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-CV-381-DCK**

| | |
|---|---|
| MELVIN G. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CHARLOTTE EYE EAR NOSE & | ) |
| THROAT ASSOCIATES, PA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel Discovery Responses" (Document No. 23) filed September 30, 2019. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--**the court must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

By the pending motion, Charlotte Eye, Ear, Nose and Throat Associates, P.A. ("Defendant" or "CEENTA") contends that Melvin G. Bryant, appearing *pro se* ("Plaintiff" or "Bryant"), "refuses to answer basic discovery requests or to produce a single document." (Document No. 23, p. 1).  Defendant asserts that it sent Plaintiff a detailed letter requesting that he supplement his responses, but to date, Plaintiff has provided minimal supplementation.  Id.  Defendant notes that Plaintiff responded to its letter in part, stating that "[w]e can have a conference call with the judge and let him ultimately decide if I must answer the questions."  Id.  See also (Document No. 24, p. 2;  Document No. 24-4).

In response, Plaintiff contends that he has "fully answered in good faith" "each interrogatory and request for documents received from Defendant."  (Document No. 25, p. 1).

2

Plaintiff then asserts that Defendant's responses to his discovery requests have been late and/or deficient. (Document No. 25, pp. 1-2). Plaintiff goes on to primarily argue that Defendant's discovery requests are irrelevant or involve information that Defendant already possesses. (Document No. 25, pp. 2-11).

Defendant's "Reply In Support…" first notes that Plaintiff's response to the pending motion includes his discovery responses, which "plainly evidence" that Plaintiff has not "fully answered in good faith." (Document No. 26, p. 1). Defendant then notes that Plaintiff has still "refused to produce a single document." Id. Defendant asserts that Plaintiff's discovery objections and responsive brief fail to set forth a good faith basis for his refusal to answer basic discovery requests. Id. However, Defendant notes that it will no longer pursue responses to Interrogatory No. 8 and Document Request Nos. 6 and 17, "based on information supplied by Plaintiff in his response brief, and in an effort to limit the amount of discovery requests to be considered by the Court." (Document No. 26, p. 2, n. 1).

The undersigned finds Defendant's motion and briefs to be thorough, persuasive, and well-supported by legal authority. As argued by Defendant, Plaintiff's response lacks a sufficient basis for refusing to more fully respond to Defendant's discovery requests. The undersigned respectfully reminds Plaintiff that information within the scope of discovery need not be admissible in evidence to be discoverable. See Fed.R.Civ.P. 26(b)(1). Here, the information requested by Defendant appears to the undersigned to be relevant and proportional to the needs of this case. At a later date, if necessary, the Court can address what information is admissible.

Based on the foregoing, the undersigned will direct *pro se* Plaintiff to fully respond to Defendant's discovery requests by supplementing his responses to Defendant's interrogatories and by providing copies of the documents responsive to Defendant's request for production.

At this time, the Court will decline to award Defendant any expenses incurred in filing the instant motion; however, the Court may consider allowing such an award and/or other sanctions pursuant to Fed.R.Civ.P. 37(b)(2) at later date, especially if Plaintiff fails to cooperate in the timely completion of discovery in this matter. The undersigned notes that if a party "fails to obey an order to provide or permit discovery" the Court may, among other options, "dismiss[] the action or proceeding in whole or in part." See Fed.R.Civ.P. 37(b)(2)(A).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Discovery Responses" (Document No. 23) is **GRANTED**. Plaintiff shall provide full and complete responses to Defendant's Interrogatory Nos. 4, 5, and 9, and Document Request Nos. 1, 2, 3, 5, 8, 11, 12, 13, 14, 15, and 21, on or before **November 8, 2019**.

**IT IS FURTHER ORDERED** that the deadlines in this case are revised as follows: discovery completion – December 2, 2019; ADR status report – December 5, 2019; and dispositive motions – December 20, 2019.

**SO ORDERED**.

Signed: October 22, 2019

David C. Keesler
United States Magistrate Judge